IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORRON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-050 |
| | ) | |
| JIMMY CHAUNCEY, Sergeant, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Dodge State Prison in Chester, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Defendant Chauncey filed a motion to dismiss on September 16, 2015. (Doc. no. 10.)

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. If Plaintiff fails to respond, the motion will be deemed unopposed and granted, resulting in the dismissal of the claims that are the subject matter of the motion. See Loc. R. 7.5.

When, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the Court, the normal course is for the Court to determine whether the motion to dismiss should be treated as one for summary judgment and therefore disposed of as provided by Fed. R. Civ. P. 56. Jones v. Automobile Ins. Co., 917 F.2d 1528, 1532 (11th

Cir. 1990). However, if the motion to dismiss raises the issue of exhaustion of administrative remedies,[1] the Eleventh Circuit has ruled: "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

Although a motion to dismiss based on an exhaustion defense need not be converted to a motion for summary judgment, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376 (citations omitted). Therefore, if the exhaustion issue cannot be resolved based on the pleadings alone, and if a defendant submits affidavits or other evidence in support of the motion to dismiss, the plaintiff must be given the opportunity to submit his own affidavits or other evidence contradicting a defendant's submissions. See id. Accordingly, if the motion to dismiss in this case raises the issue of exhaustion of administrative remedies, Plaintiff's response to the motion should include appropriate supporting affidavits or other documentary evidence he may have to contest any exhaustion issue raised by Defendant.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Court **DIRECTS**

---

[1]The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."

the **CLERK** of **COURT** to attach a copy of Fed. R. Civ. P. 12 and 41 to Plaintiff's service copy of this Order.

SO ORDERED this 17th day of September, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA